UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YVONNE ARRECHEA, ) | |
| ) | |
| Plaintiff, ) | Case: 1:23-cv-04211 |
| ) | |
| v. ) | |
| ) | |
| DG RETAIL, LLC d/b/a DOLLAR ) | |
| GENERAL, ) | |
| ) | Jury Trial Demanded |
| Defendant. ) | |

# COMPLAINT

Plaintiff, Yvonne Arrechea ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against DG Retail, LLC d/b/a Dollar General ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*. ("Title VII") seeking redress for Defendant subjecting Plaintiff to discrimination on the basis of Plaintiff's sex and Defendant's retaliation against Plaintiff for engaging in protected activity under Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant

operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

**ADMINISTRATIVE PREREQUISITES**

4. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

5. A charge of employment discrimination on basis of sex and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR"). (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

**PARTIES**

7. At all times material to the allegations of this Complaint, Plaintiff, Yvonne Arrechea resided in Cook County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, DG Retail, LLC d/b/a Dollar General was a limited liability company doing business in and for Cook County whose address is 7540 Irving Park Road, Norridge, IL 60706 and headquartered at 100 Mission Ridge, Goodlettsville, TN 37072.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

**BACKGROUND FACTS**

11. Plaintiff was hired by Defendant as a sales associate on or around August 7, 2017 and later promoted to manager on or around January 1, 2022.

12. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

13. Plaintiff is female and is a member of a protected class because of her sex.

14. Since at least March 1, 2022 through November 13, 2022 Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of sex in violation of Title VII.

15. Up until Plaintiff's promotion to manager, Plaintiff did not have any discrimination issues connected to her employment with Defendant.

16. On or around March 1, 2022, Plaintiff contacted district manager Monica Johnson for help at Defendant's Norridge, IL location because it was extremely understaffed that particular day.

17. Upon her arrival, Ms. Johnson immediately subjected Plaintiff to sex-based discrimination.

18. Ms. Johnson told Plaintiff, "I know this is a hard for you, it's a man's job" and "I noticed the store ran correctly when a man was managing it."

19. Plaintiff was shocked at the brazen comments of Defendant's district manager and her suggestion that Plaintiff's sex prevented her from sufficiently performing managerial duties.

20. Plaintiff continued to be subjected to sex-based discrimination by Ms. Johnson in the months that followed.

21. Other employees outside of Plaintiff's protected class were not subject to the same disparate treatment as Plaintiff.

22. On or around November 11, 2022, several individuals from Defendant's corporate office (names unknown) arrived at Defendant's Norridge, IL location.

23. The corporate representatives began interviewing all the Norridge, IL employees, including Plaintiff, regarding their opinion of Ms. Johnson.

24. Plaintiff, mentally exhausted and humiliated as a result of the sex-based treatment Ms. Johnson had subjected her to, engaged in protected activity and reported the unlawful discrimination she had endured.

25. Several of Plaintiff's subordinates also corroborated Plaintiff's account of sex-based discrimination by Ms. Johnson.

26. Upon information and belief, following Plaintiff's report, Defendant failed to investigate Plaintiff's report or take remedial measure to prevent further discrimination of Plaintiff.

27. On or about November 13, 2022, approximately two (2) days following Plaintiff's complaint, Ms. Johnson entered the store and terminated Plaintiff's employment.

28. Ultimately, Plaintiff was targeted for termination because she engaged in protected activity in reporting Ms. Johnson's sex-based discrimination.

29. Plaintiff was retaliated against and her employment was terminated for opposing unlawful discrimination and for exercising her protected rights.

30. Plaintiff reported the sex-based discrimination to Defendant.

31. Plaintiff suffered multiple adverse employment actions including, but not limited

to, being terminated.

32. There is a basis for employer liability for the sex-based discrimination that Plaintiff was subjected to.

33. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to Defendant's corporate office about the discrimination.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

34. Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

35. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

36. Plaintiff met or exceeded performance expectations.

37. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

38. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

39. Plaintiff is a member of a protected class under Title VII due to Plaintiff's sex.

40. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

41. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

42. Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

43. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

44. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment and/or sex-based discrimination.

45. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

46. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sexual harassment and/or sex-based discrimination.

47. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and/or harassing conduct complained of by Plaintiff.

48. Plaintiff's suffered an adverse employment action in retaliation for engaging in a protected activity.

49. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment and/or sex-based discrimination thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

50. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

51. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment

benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Pre-judgment and post-judgment interest;

f. Injunctive relief;

g. Liquidated damages;

h. Punitive damages;

i. Reasonable attorney's fees and costs; and

j. For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 29th day of June, 2023.

/s/ *Nathan C. Volheim, Esq.*
Nathan C. Volheim, Esq. (IL Bar No. 6302103)
Chad W. Eisenback, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(331) 307-7632
ceisenback@sulaimanlaw.com
nvolheim@sulaimanlaw.com
*Counsel for Plaintiff*

7